UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Case No.   15-cr-00203-WYD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. BRANDON BOURRET,
2. ATHANASIOS ANDRIANAKIS,

   Defendants.

---

# ORDER

---

THIS MATTER comes before the Court on the Government's Unopposed Motion for Authorization to Disclose Grand Jury Material, to Unrestrict Documents In Part, and for a Protective Order filed on June 3, 2015, under Fed. R. Crim. P. 6(e)(3)(E)(i), 16(d)(1), and 49.1(e).  The Court, having reviewed the motion and being otherwise advised in the premises, finds that good and sufficient cause supports the same.

Accordingly, it is

ORDERED that the Government's Unopposed Motion for Authorization to Disclose Grand Jury Material, to Unrestrict Documents In Part, and for a Protective Order [ECF No. 33] is **GRANTED**.  It is

FURTHER ORDERED that grand jury transcripts and documents produced pursuant to the grand jury investigation may be disclosed to the defendants and their attorneys in the course of discovery in this case.  It is further ordered that such materials shall only be used in defending this case; that such materials may be disclosed only to

the defendants and their attorneys; that the defense attorneys shall maintain custody of such materials, and shall not reproduce or disseminate the same.  It is

FURTHER ORDERED that discovery documents subject to Restriction Level 3 under various Court orders are modified under D.C.Colo.LCrR 47.1(b) so that the government may disclose those documents to the defense (Restriction Level 1) as appropriate under the discovery rules.  It is further ordered that the government shall undertake the disclosure of those documents as appropriate, thus obviating the need to change restriction settings in the CM/ECF system.  The affected U.S. District Court for the District of Colorado case numbers are as follows:  13-sw-05783-MJW, 14-sw-05153-KMT, 14-sw-05154-KMT, 14-sw-05155-KMT, 14-sw-05156-KMT, 14-sw-05157-KMT, 14-sw-05244-MEH, 14-sw-05539-MJW, 14-sw-05618-BNB, 14-sw-05619-BNB, 15-sw-05079-MEH, and 15-sw-05234-NYW.  It is

FURTHER ORDERED that the following protections shall govern the receipt, handling, use and eventual destruction of proprietary and private data originating from the alleged victims and other nonparties to this case:

> **(1)** **Sensitive Nonparty Information Defined.** As used herein, the term "Sensitive Nonparty Information" shall be broadly construed to refer to any information that identifies or could be used to identify an alleged victim or involved nonparty, or data that originated from an alleged victim or involved nonparty.  This includes, without limitation, names and contact information, Photobucket.com usernames and passwords, email addresses, content (such as photographs and video files) from the

individuals' Photobucket.com albums, and financial records. This also includes data copied from nonparties such as the contents of a Photofucket customer's computer and Photobucket.com code. Sensitive Nonparty Information does not include data pertaining to the defendants that was copied from corporate nonparties, such the defendants' emails and financial records.

**(2)** **Production and Use of Sensitive Nonparty Information.** The United States may produce unredacted Sensitive Nonparty Information to the defendants pursuant to the government's discovery obligations in this case. The defendants, including defendants' counsel and their personnel, may use the Sensitive Nonparty Information only for purposes of the litigation, and may disclose the Sensitive Nonparty Information to nonparties to this litigation only as needed for the litigation. The defendants shall not file documents containing Sensitive Nonparty Information with, or submit Sensitive Nonparty Information to, the Court or reproduce Sensitive Nonparty Information in any Court filing unless the document or filing is placed under restriction or all Sensitive Nonparty Information has been removed or effectively redacted. Within 90 days of the final conclusion of this litigation, defendants shall return all copies, as well as all notes, memoranda, summaries, or other documents containing Sensitive Nonparty Information from the discovery documents, to counsel

for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

**(3)** **Relationship to Fed. R. Crim. P. 49.1**.  Rule 49.1 of the Federal Rules of Criminal Procedure governs privacy protections for filings made with the Court.  Pursuant to Rule 49.1(e), this Protective Order expands the protections afforded in that rule beyond those identifiers listed in Rule 49.1(a) to all Sensitive Nonparty Information as defined herein.

**(4)** **Designation of Material Subject to this Protective Order**. The parties need not explicitly designate materials covered by this Protective Order. Materials falling within the definition of the term Sensitive Nonparty Information shall be covered presumptively.  The parties shall confer if uncertain about the nature of material and then raise any disputes over whether materials include Sensitive Nonparty Information with the Court. If any party contends that material is Sensitive Nonparty Information, it shall be treated as such by all parties unless and until determined otherwise by the Court.

**(5)** **Nonparties That Receive Sensitive Nonparty Information**. Any nonparty member of the litigation team that receives Sensitive Nonparty Information pursuant to Paragraph (2) of this Protective Order may use the Sensitive Nonparty Information only for purposes of this litigation and may not disclose such Sensitive Nonparty Information to anyone not specifically entitled to access under the Protective Order. Moreover, any

      nonparty that receives Sensitive Nonparty Information pursuant to Paragraph (2) agrees to subject himself/herself to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

**(6)** **Safekeeping of Sensitive Nonparty Information**. Recipients of any Sensitive Nonparty Information pursuant to this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential personal information. In addition, recipients shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Sensitive Nonparty Information.

**(7)** **Sensitive Nonparty Information in Open Court.** The procedures for use of Sensitive Nonparty Information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose Sensitive Nonparty Information in open Court without prior consideration by the Court.

**(8)** **Filing of documents.** The parties shall submit any filings with Sensitive Nonparty Information with redactions or under restriction pursuant to the above paragraphs, Fed. R. Crim. P. 49.1, and D.C.Colo.LCrR 47.1.  All papers to be filed in Court that must disclose Sensitive Nonparty

Information without redaction shall be filed under restriction without necessity of obtaining a Court order. The parties shall provide one another with an unredacted copy of any redacted pleading filed in this case, provided that such pleading is not filed *in camera*.

**(9) Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**(10) No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

**(11) Responsibility for Adherence.** Counsel shall ensure that members of their team will read this Order and are informed of their responsibility to safeguard the Sensitive Nonparty Information. A copy of this Order shall be kept with the discovery materials at all times.

**(12) Unauthorized Disclosure.** Should any Sensitive Nonparty Information be disclosed in a manner not authorized by this Protective Order, through inadvertence or otherwise, by a party or nonparty, then the party or nonparty that made the unauthorized disclosure shall use his/her best efforts to obtain the return of any such Sensitive Nonparty Information and to bind the recipient of Sensitive Nonparty Information to the terms of this Order and shall, within seven (7) business days of the discovery of such

disclosure, inform the recipient of Sensitive Nonparty Information of all provisions of this Order and identify such recipient to the party who produced the relevant Sensitive Nonparty Information. Nothing in this paragraph limits the remedies that the party who produced the relevant Sensitive Nonparty Information may pursue for breach of this Protective Order.

**(13)** **No Termination**. This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

Dated:  June 3, 2015.

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE